UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM RAYPHUL BRACEY, | Case No. 10-12659 |
|        Plaintiff, | Robert H. Cleland |
| vs. | United States District Judge |
| COMMISSIONER OF | Michael Hluchaniuk |
| SOCIAL SECURITY, | United States Magistrate Judge |
|        Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 12, 13)**

I.   PROCEDURAL HISTORY

    A.   Proceedings in this Court

On July 5, 2010, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Robert H. Cleland referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability, disability insurance and supplemental security income benefits. (Dkt. 4). This matter is before the Court on cross-motions for summary judgment. (Dkt. 12, 13).

    B.   Administrative Proceedings

Plaintiff filed the instant claims on August 18, 2005, alleging that he

became unable to work on July 18, 2005.  (Dkt. 7, Tr. at 232).  The claim was initially disapproved by the Commissioner on November 23, 2005.  (Dkt. 7, Tr. at 237-240).  Plaintiff requested a hearing and on January 11, 2008, plaintiff appeared with counsel before Administrative Law Judge (ALJ) David F. Neumann, who considered the case *de novo*.  In a decision dated April 24, 2008, the ALJ found that plaintiff was not disabled.  (Dkt. 7, Tr. at 11-22).  Plaintiff requested a review of this decision on April 24, 2008.  (Dkt. 7, Tr. at 8-10).  The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits[1] (AC- 1-4, Dkt. 7, Tr. at 7), the Appeals Council, on May 7, 2010, denied plaintiff's request for review.  (Dkt. 7, Tr. at 4-6); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment and to remand be **DENIED**, that the Commissioner's motion for summary judgement be **GRANTED**, and that the

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review.  *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996).  Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ.  In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

findings of the Commissioner be **AFFIRMED**.

II.     FACTUAL BACKGROUND

   A.    ALJ Findings

Plaintiff was 41 years of age at the time of the most recent administrative hearing. (Dkt. 7, Tr. at 16). Plaintiff's relevant work history included approximately 16 years as a truck driver (heavy). (Dkt. 7, Tr. at 70). In denying plaintiff's claims, defendant Commissioner considered congestive heart failure, blood clots, venous edema, factor V Leiden gene mutation, high blood pressure, and diabetes as possible bases of disability. (Dkt. 7, Tr. at 16).

The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since July 18, 2005. (Dkt. 7, Tr. at 16). At step two, the ALJ found that plaintiff's impairments of obesity, hypertension, non-insulin dependent diabetes mellitus, history of heart failure, and venous lymph edema were "severe" within the meaning of the second sequential step. *Id*. At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Dkt. 7, Tr. at 17). At step four, the ALJ found that plaintiff could not perform his previous work as a heavy truck driver. (Dkt. 7, Tr. at 20). At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy. (Dkt. 7,

Tr. at 21).

    B.    <u>Plaintiff's Claims of Error</u>

While the ALJ made findings of a number of severe impairments including: obesity, hypertension, non-insulin dependent diabetes mellitus, factor V Leiden gene mutation, history of congestive heart failure, and venous lymphedema, plaintiff contends that there is substantial evidence to support the conclusion that he suffers from additional difficulties including, weakness, fatigue, headaches, dizziness, blurred vision, cardiomyopathy, enlarged heart and depression for which he was regularly treated.  According to plaintiff, because the ALJ did not address all of the limitations that were supported by the record, the decision of the ALJ is not supported by substantial evidence on the record as a whole.  While the ALJ determined that the impairments he identified did not, individually or in combination, meet or medically equal a listed impairment, plaintiff asserts that without taking into account all of the medically documented conditions, it was legal error for the ALJ to make that determination.  According to plaintiff, his morbid obesity, when combined with the cardiomyopathy and congestive heart failure establish another area where the combination of impairments, when properly viewed, establish that his conditions meet or equal the listings.  The Doppler studies performed in 2007 revealed moderate to severe left ventricular dilation, moderate left atrial dilation, borderline moderate left ventricular

hypertrophy, pericardial effusion, anteroseptal severe hypokinesis with moderate depressed left ventricular ejection fraction of 35 to 40 percent, mild to moderate mitral insufficiency, and trace to mild tricuspid insufficiency. According to plaintiff, these findings combined with the severe obesity meet or equal the listings.

Plaintiff also argues that the ALJ erred when he gave great weight to the physical RFC, prepared November 14, 2005, by a State agency medical consultant because this RFC (Tr. 218-224) was prepared before the records of plaintiff's treating physician were made part of the file. (Tr. 101-167). The ALJ gave Dr. True's opinion little weight because Dr. True did not include a function by function assessment of what the claimant could and could not do. Plaintiff argues that Dr. True's opinion should not be given less weight that a consultant who did not even review the treating medical records. Plaintiff also argues that the ALJ did not properly account for his pain complaints. Based on the foregoing, the plaintiff also argues that the hypothetical question posed to the vocational expert and relied on by the ALJ did not include all of plaintiff's limitations.

C.     <u>Commissioner's Motion for Summary Judgment</u>

Contrary to plaintiff's argument that, had the ALJ factored in the evidence of his obesity, he was obligated to conclude that plaintiff met or equaled the criteria for Listings 1.02A and others, the Commissioner asserts that the ALJ

properly found that plaintiff failed to meet his burden at step three. Listing 1.02 requires the presence of major dysfunction of a joint(s) (due to any cause), with: gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s) and "[i]nvolvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b." 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 1.02A. The Commissioner argues that he ALJ correctly concluded at step three that the venous lymphedema did not medically equal Listing 1.02A because plaintiff was able to ambulate effectively. (Tr. 17). According to the Commissioner, plaintiff offers no legal argument demonstrating that he met the requirements of Listing 1.02A. Rather, he merely argues, without citing any medical evidence, that he was not capable of sustaining a reasonable walking pace and that this limitation demonstrated an inability to ambulate effectively as contemplated under the Listing. According to the Commissioner, plaintiff has, therefore, failed to meet his burden at step three.

    Next, the Commissioner argues that equivalence is a medical determination, and in this case, no medical expert opined that plaintiff had impairments that

equaled the severity of any listing. *See* Social Security Ruling 96-5p (Equivalence finding "requires familiarity with the regulations and the legal standard of severity" defined in the regulations and is an issue reserved to the Commissioner). Moreover, the Commissioner points out that "it is not the mere accumulation of impairments that demonstrates medical equivalence, but rather, the functional limitations." A state reviewing physician, aware of plaintiff's weight and other conditions and familiar with the Listings, evaluated the medical evidence and concluded that plaintiff could perform a range of light work and did not conclude that plaintiff's condition met or equaled a listing. (Tr. 219). Thus, according to the Commissioner, the state agency physician's opinion constituted substantial evidence supporting the ALJ's decision. *See* SSR 96-6p (state reviewing physicians are considered experts in evaluating disability issues).

Beyond the medical opinion evidence, the Commissioner argues that the medical evidence itself does not support a finding of equivalence to Listing 1.02A. Plaintiff did not use any assistive devices and on examination, exhibited normal gait and stance. (Tr. 210). He could tandem walk, heel walk and toe walk, albeit with some difficulty. (Tr. 210). He testified that he could walk up to 50 yards before needing to rest due to shortness of breath. (Tr. 338). And, the ALJ considered evidence of plaintiff's obesity, and, according to the Commissioner, correctly concluded that the obesity, considered in combination with other

impairments, did not meet or medically equal a listing. (Tr. 17). The ALJ specifically noted that "there is no evidence in the case record of the requisite impact on musculoskeletal, respiratory, cardiovascular, or other body system functioning." (Tr. 17).

The Commissioner also points out that, while many medical sources were well aware of plaintiff's weight, none of these sources opined that he had significant limitations resulting from obesity. Under Social Security Ruling 02-1p, the adjudicator relies on the opinions of physicians who have examined the claimant and are aware of his physical build, height and weight. Dr. Tariq, who was aware of plaintiff's weight and other conditions, did not conclude that plaintiff's condition met or equaled a listing. (Tr. 219). Plaintiff's family physician, Dr. Maolood, who also was well aware of plaintiff's obesity, consistently noted normal spinal alignment, normal muscle strength and range of motion, and normal neurological findings. (Tr. 281-89). Plaintiff also appears to argue that evidence of obesity, when considered in conjunction with his history of cardiovascular problems, directed a finding that his conditions met or equaled one of the cardiovascular listings (which he fails to specify). The ALJ concluded that plaintiff's conditions did not met Listings 4.02 (chronic heart failure), 4.04 (ischemic heart disease) or 4.11 (chronic venous insufficiency) because there was no medically documented presence of the criteria for those listings. (Tr. 17).

According to the Commissioner, plaintiff recites a few findings but does not demonstrate how these test results demonstrate how he met each and every one of the criteria for the listing(s) he claims he met or equaled. Thus, the Commissioner urges the Court to reject plaintiff's argument and conclude that substantial evidence supports the ALJ's step three findings.

The Commissioner also asks the Court to reject plaintiff's arguments that the ALJ did not give sufficient weight to Dr. True's opinions. In January 2006, Dr. True opined that plaintiff could not work at any job and would need assistance with tasks such as taking medication, meal preparation, shopping, laundry, and housework. (Tr. 165). As an initial matter, the determination of disability is reserved to the Commissioner, and an opinion about whether someone is disabled is not a medical opinion. Thus, the Commissioner argues that the ALJ properly rejected Dr. True's statement about plaintiff's work capability, in part because that was an issue reserved to the Commissioner, and his opinion on whether plaintiff is disabled was not entitled to weight. (Tr. 18). 20 C.F.R. §§ 404.1527(e)(3); 416.927(e)(3) (no special significance given to opinions on issues reserved to the Commissioner). The ALJ went on to explain that he was rejecting Dr. True's opinion because it was "sweeping" and not well-supported by objective medical signs and findings. (Tr. 20). Moreover, the ALJ noted that Dr. True's opinion did not include a function-by-function assessment of what plaintiff could still do

despite his impairments. (Tr. 20). Further, examination findings from Dr. Maolood, dated 2006-07, indicated normal spinal alignment, normal muscle strength and range of motion, and normal neurological findings. (Tr. 281-90). In sum, the Commissioner argues that the ALJ properly weighed the medical opinions and substantial evidence supports the RFC finding.

Plaintiff also refers to a May 2008 opinion by Dr. Maolood that was submitted to the Appeals Council after the ALJ's decision was issued. (Tr. 255). This opinion cannot be considered for purposes of substantial evidence review. The Commissioner points out that where the Appeals Council denies review of the ALJ's decision, that decision becomes the final decision of the Commissioner subject to judicial review, and evidence first submitted to the Appeals Council cannot provide a basis for finding the ALJ's decision unsupported by substantial evidence. Further, the only context in which the Court may consider any of the evidence that plaintiff submitted after the ALJ issued his decision is to determine whether it merits remand pursuant to sentence six of 42 U.S.C. § 405(g). That section permits a reviewing court to remand, without ruling on the merits, if new and material evidence is submitted and the claimant shows good cause for failing to submit the new evidence during the prior proceedings. 42 U.S.C. § 405(g) (sentence six). According to the Commissioner, plaintiff has waived an argument for sentence six remand by failing to raise it in his brief, and in any event, has

failed to meet his burden for a sentence six remand.

## III. ANALYSIS AND CONCLUSION

### A. The Listings

According to plaintiff, his morbid obesity, when combined with the cardiomyopathy and congestive heart failure establish another area where the combination of impairments, when properly viewed, establish that his conditions meet or equal the listings. Plaintiff points to the Doppler studies performed in 2007 revealed moderate to severe left ventricular dilation, moderate left atrial dilation, borderline moderate left ventricular hypertrophy, pericardial effusion, anteroseptal severe hypokinesis with moderate depressed left ventricular ejection fraction of 35 to 40 percent, mild to moderate mitral insufficiency, and trace to mild tricuspid insufficiency. According to plaintiff, these findings, combined with the severe obesity meet or equal the listings.

The undersigned agrees with the Commissioner that plaintiff has not satisfied his burden of establishing that he met or equaled the Listings. Obesity, by itself of course, does not constitute a disability. SSR 02-1p. Nonetheless, the condition must be considered in combination with other impairments in determining whether the claimant is disabled. *Id*. The administrative findings need not contain an explicit reference to the claimant's obesity if the decision as a whole appears to have adopted limitations resulting from the condition. *Coldiron*

*v. Commissioner of Social Security*, 2010 WL 3199693, *7 (6th Cir. 2010), citing, *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004). Here, the ALJ expressly examined the effects of plaintiff's obesity and concluded that nothing in the medical evidence showed a sufficient impact on his musculoskeletal, respiratory, cardiovascular or other body system functioning. While plaintiff refers to evidence of cardiovascular issues, he does not explain how his obesity related to or worsened such conditions or how these heart issues affected his functioning. Thus, the undersigned finds no basis to disturb the ALJ's findings on this basis.

Moreover, plaintiff has not satisfied his burden of establishing an inability to ambulate effectively, which is required by Listing 1.02. An inability to ambulate effectively means an "extreme limitation of the ability to walk." 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(1). Ineffective ambulation is generally defined "as having insufficient lower extremity functioning ... to permit independent ambulation without the use of a hand-held assistive device(s) that limits the function of both upper extremities." *Id*. A person ambulates effectively if they are "capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living ... [and can] travel without companion assistance to and from a place of employment." 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(2). According to the Commissioner, plaintiff offers no legal argument demonstrating that he met the requirements of Listing 1.02A. The

undersigned agrees. Plaintiff has not cited any medical evidence establishing that he was not capable of sustaining a reasonable walking pace and that this limitation demonstrated an inability to ambulate effectively as contemplated under the Listing. Ultimately, plaintiff bears the burden of establishing that he was disabled under Listing 1.02 and he has not done so. *See Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 653 (6th Cir. 2009).

B. <u>Assessment of Pain</u>

Plaintiff argues that his pain alone was severe enough to establish disability. The undersigned agrees with the Commissioner that this argument should be rejected. The ALJ reviewed the objective medical evidence extensively, noting that plaintiff's hospitalization records indicated essentially normal clinical findings. (Tr. 18). He also noted that the consultative examination revealed normal gait and stance, normal ranges of motion, and ability to perform different types of walking and that plaintiff's 2007 EKG was normal. (Tr. 19). The ALJ took plaintiff's pain and leg edema complaints into account by including additional limitations for standing/walking only two hours a day, and an at-will sit/stand option. (Tr. 20). The ALJ also considered evidence of treatment, which included a leg press for edema and medications. (Tr. 18). The ALJ concluded that nothing in the record showed that the leg press device, used twice a day, precluded plaintiff from receiving needed treatment while also going to work. (Tr. 19). The

ALJ also looked to evidence of plaintiff's daily activities, which included using a riding lawnmower, gardening, playing guitar, and helping his children with homework. (Tr. 19). Thus, the undersigned agrees with the Commissioner that it was reasonable for the ALJ to consider this evidence and conclude that plaintiff was not limited to the extent alleged. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) ("The ALJ could properly determine that her subjective complaints were not credible in light of her ability to perform other tasks."). Based on the foregoing, the ALJ's hypothetical question to the vocational expert reasonably accounted for plaintiff's limitations as set forth in the RFC finding.

    C.    <u>Sentence Six Remand</u>

While plaintiff complains that the ALJ should have waited to make a decision until additional records from plaintiff's treating physician were received and that the ALJ should not have relied on the state agency opinion because the examiner did not have all the medical records available, plaintiff does not request a sentence six remand. Sentence six states provides the court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding ..." 42 U.S.C.A. § 405(g). The undersigned cannot otherwise consider the records submitted to the appeals council and the plaintiff does not

offer any analysis as to why the evidence is material or an analysis of good cause for the failure incorporate the evidence into the record earlier.  Any issue not raised directly by plaintiff is deemed waived.  *United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002); *see also McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment and to remand be **DENIED**, that the Commissioner's motion for summary judgement be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 12, 2011

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on July 12, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Patrick M. Carmody, Jr., Judith E. Levy, AUSA, and the Commissioner of Social Security</u>.

s/Darlene Chubb
Judicial Assistant
(810) 341-7850
darlene_chubb@mied.uscourts.gov